

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00307-CR

---

**BRIAN JACOB DAY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 355th District Court
Hood County, Texas[1]
Trial Court No. CR15514, Honorable George Gallagher, Presiding

---

July 27, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Brian Jacob Day, appeals from a judgment adjudicating him guilty of aggravated assault with a deadly weapon by threat and sentencing him to twelve years of confinement and $1,500 fine.[2] Appellant's court-appointed counsel has filed an *Anders*

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 22.02.

brief concluding there are no arguable grounds for reversal.[3]  Because our independent review confirms that conclusion, we grant the motion and affirm.

## BACKGROUND

This appeal flows from Appellant's adjudication of guilt after he violated the terms of his deferred-adjudication community supervision.  Appellant originally pleaded guilty to aggravated assault with a deadly weapon by threat under an open plea.  The trial court deferred a finding of guilt, placed Appellant on community supervision for seven years, and imposed a fine of $1,500.

Appellant did not comply with the conditions of his supervision.  He had been revoked once before, but by a waiver of hearing the trial court continued his community supervision.  As a condition of that continuation, the court ordered Appellant to complete a substance abuse felony punishment facility and then to reside at a transitional treatment center.  Roughly eight months after his release from the transitional treatment center, Appellant tested positive for methamphetamine.  The State then moved to adjudicate guilt.  Appellant pleaded true to the revocation allegations, and the trial court adjudicated him guilty.

The punishment hearing supplied the remaining facts.  The evidence showed that Appellant had a prior conviction for aggravated assault, a history of methamphetamine use, and a recent charge for child endangerment.  Appellant acknowledged that he had committed multiple violations, and he asked to return to a drug treatment program.  The

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

State requested a sentence of sixteen years. After hearing the evidence and the arguments of counsel, the trial court sentenced Appellant to twelve years of confinement.

## *ANDERS* REVIEW

Counsel's brief and motion meet *Anders'* requirements by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). "In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." *Id.*; *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.).

Counsel's brief and motion satisfy these standards. The brief presents a professional evaluation of the record and explains why no arguable ground for appeal exists. *See In re Schulman*, 252 S.W.3d at 406–12. Counsel also certified that he notified Appellant of the brief and the motion to withdraw, furnished Appellant copies of both, informed Appellant of his right to file a pro se response and to review the record, and provided Appellant the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

This Court notified Appellant of that right, and he filed a response asking us to reduce his sentence. The response, however, identifies no legal error that would permit this Court to reduce or reform the sentence.

3

We have independently examined the entire record to determine whether any arguable issue exists, and we have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

## CONCLUSION

Finding no arguable ground for appeal, we affirm the trial court's judgment and grant counsel's motion to withdraw.[4]

Lawrence M. Doss
Justice

Do not publish.

---

[4] Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.

4